E-FILED
Tuesday, 13 July, 2021  10:20:47 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Lurnia Ivory, individually and on behalf of all others similarly situated, | 1:21-cv-01193 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Nestlé USA, Inc., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Nestlé USA, Inc. ("defendant") manufactures, markets, labels and sells Caramel Latte Powdered Coffee Creamer under its Coffee-mate brand in containers of 15 ounces (425.2 g), which claims to provide "140 Servings" of coffee creamer ("Product").



2.      However, this representation is false, deceptive and misleading.

3.      Though the Product arrives at "140 Servings" based on a serving size of one teaspoon it claims contains three grams of powder, the weight of this coffee creamer in a teaspoon is four grams.

4.      Independent laboratory analysis determined that the Product only provides one hundred and seven (107) servings of coffee creamer based on an actual teaspoon containing the Product, thirty-three (33) fewer than promised.

5.      This means the Product delivers almost thirty-three percent (33) fewer servings of coffee creamer than the 140 promised on the label, which is what consumers paid for.

6.      Through the statement, "140 Servings," reasonable consumers will expect they can add the standard teaspoon amount of the coffee creamer to 140 cups of coffee – or some variation thereof – when used reasonably and/or according to the label's directions.

7.      No reasonable consumer will expect the number of servings is closer to 100 than 140.

8.      Reasonable consumers must and do rely on a company to honestly identify and describe the components, features and amount of the Product – not limited to its "net weight" but to how much use they will get out of it – relative to itself and other comparable products.

9.      The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

10.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

11.     Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for them.

12.     The Product is sold for a price premium compared to other similar products, $3.79

per 15 OZ, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

13.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

14.    Upon information and belief, the aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

15.    Plaintiff Lurnia Ivory is a citizen of Illinois.

16.    Defendant Nestlé USA, Inc. is a Delaware corporation with a principal place of business in Arlington, Arlington County, Virginia.

17.    The parties are citizens of different states.

18.    Venue is proper because plaintiff resides in this district and a substantial portion of the events giving rise to the claims occurred in this district.

## Parties

19.    Plaintiff Lurnia Ivory is a citizen of Bloomington, McLean County, Illinois.

20.    Defendant Nestlé USA, Inc., is a Delaware corporation with a principal place of business in Arlington, Virginia, Arlington County.

21.    Defendant is a subsidiary of the largest food company in the world, the Swiss conglomerate Nestle, S.A.

22.    Coffee-mate was the first brand of coffee creamer of its kind, introduced in the 1970s.

23.    Based on this history and consumer awareness of the brand, it is trusted beyond other types of coffee creamer products.

24.    Plaintiff bought the Product on one or more occasions within the statute of limitations

for each cause of action alleged, at stores including Kroger, E Oakland Ave, Bloomington, IL 61701, in 2020 and/or 2021, among other times.

25.     Plaintiff bought the Product at or exceeding the above-referenced price.

26.     Plaintiff relied on the representations that when following the directions for use, the Product could provide 140 serving of coffee creamer.

27.     Plaintiff sought to purchase products with a materially greater amount of powdered coffee creamer than was present – not in terms of "net weight" but in terms of how much use she could expect from the product, conveyed by Defendant in "Servings" prominently displayed at the neck of the Product.

28.     Plaintiff did not expect one-third fewer servings.

29.     Plaintiff did not, nor could be expected to know, that the Product would not provide the number of servings promised on the label.

30.     Plaintiff would not have purchased the Products if she knew the representations were false and misleading.

31.     Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

32.     The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

33.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition.

<u>Class Allegations</u>

34.     The class will consist of all Illinois residents who purchased the Product during the

4

statutes of limitations for each cause of action alleged.

35.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

36.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

37.    Plaintiff is an adequate representative because her interests do not conflict with other members.

38.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

39.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

40.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

41.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

42.    Plaintiff incorporates by reference all preceding paragraphs.

43.    Plaintiff and class members desired to purchase powdered coffee creamer which could provide the number of servings promised on the label.

44.    Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

45.    Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

5

46.    Plaintiff relied on the representations.

47.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,<br>Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <em>et seq</em>.

48.    The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it could provide the number of servings promised on the label.

49.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

50.    This duty is based on Defendant's outsized role in the market for this type of Product.

51.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

52.    Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices.

53.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

54.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

55.    Defendant had a duty to truthfully represent the Product, which it breached.

56.    This duty is based on defendant's position, holding itself out as having special knowledge and experience this area.

6

57.     The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

58.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

59.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

60.     Defendant misrepresented and/or omitted the attributes and qualities of the Product, that they could provide the number of servings promised on the label

61.     Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

<u>Unjust Enrichment</u>

62.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and

representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   July 13, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com